NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
Office of the United States Trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for Acting United States Trustee
August B. Landis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | Case no: BK-N-13-51562-MKN |
| ) | Chapter: 11 |
| GLOBAL AXCESS CORP., ) | |
| ) | US TRUSTEE'S OBJECTION TO |
| ) | DEBTORS' MOTION TO APPROVE |
| ) | POSTPETITION BORROWING |
| ) | |
| ) | Hearing Date: August 8, 2013 |
| ) | Hearing Time: 10:00 a.m. |
| Debtor.    ) | Est. Time Req.: 2 hrs. |

The Acting United States Trustee ("US Trustee"), hereby objects to the Debtors' motion to approve postpetition borrowing, Docket #14 (hereinafter "Motion").   The US Trustee represents as follows:

   1.  Insufficient notice and opportunity to be heard have not been provided to meet due process;

   2.  The proposed terms of the lending violate the process and purpose of chapter 11 and are over-reaching by the proposed lender; and

   3.  The proposed lender, not the Debtors or creditors, is the primary beneficiary of the proposed lending and sale.

1

This Objection is made pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the following points and authorities, the pleadings and papers on file with this Court, of which the US Trustee requests the Court take judicial notice, and any argument or evidence presented at the hearing.

## POINTS AND AUTHORITIES

### STANDING

Pursuant to 28 U.S.C. § 586(a)(3), the US Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code.  To enable the US Trustee to carry out that duty, Congress has granted the US Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code.  11 U.S.C. § 307.

### FACTS

1. August 5, 2013, after 6:00 p.m., the Debtors filed voluntary chapter 11 bankruptcy cases in the unofficial northern division of the District of Nevada.  Docket #1.

2. The Order Shortening Time requires opposition to the Motion to be filed no later than August 8, 2013 at 8:00 a.m.

3. Thousands of pages of pleadings have been filed with the Court, including the Motion, the Supporting Declaration of David Bagley, and the Debtors' motion to approve the sale procedures.  Docket #'s 14, 15, and 33.

### AUTHORITIES

The purpose of chapter 11 is to allow a debtor a breathing spell to attempt to reorganize its debts.  A proper case allows for meaningful participation of an unsecured creditors' committee.  11 U.S.C. §§ 1102 and 1103.  Approval of a sale of a debtor's primary assets

deprives any objecting party of an opportunity to negotiate through the plan process and probably any recourse on appeal.  11 U.S.C. § 363(m).  Sale of a debtor's primary assets may constitute an impermissible "sub rosa" plan.  See, In re Braniff Airways, Inc., 700 F.2d 935 (5th Cir. 1983).

The sale of all of a debtor's assets should not include the avoiding powers under Section 544(b) since these powers are not an asset of the estate but merely a device to enhance the estate for the benefit of creditors.  See, In re Cybergenics Corp., 226 F.3d 237 (3d Cir. 2000).

## APPLICATION OF AUTHORITES AND ARGUMENTS

The Motion should be continued until the parties in interest, including an unsecured creditors' committee, have a reasonable opportunity to read the Motion, and the proposed sale motion and prepare proper objections.  Many of the possible interested parties have not yet even received notice that the bankruptcies have been filed.  They certainly have not had time to retain counsel and prepare objections.

The Debtors' alleged cash emergency is the result of either not filing soon enough or is being manufactured by the current secured creditor, who has also dictated the one-sided proposed lending terms.  The previous forbearance agreements provided interim relief in the $1.5 million dollar range, without requiring the "re-borrowing" of an additional $7,578,233.  Docket #14, pgs. 3 and 10.

Approval of the Motion yields the primary benefit of the case to only the secured creditors.  No other parties in interest, certainly not the unsecured creditors, will receive any hope of a distribution.  Approval of the Motion grants complete control of these cases to the secured creditor.  Approval of the Motion will "tilt the conduct of these cases and prejudice the

powers and rights that the Bankruptcy Code confers for the benefit of all creditors and prevent motions by parties in interest from being decided on their merits." Docket #14, pg. 17.

### CONCLUSION

WHEREFORE, for all the reasons stated above, the US Trustee respectfully requests the Court deny the Motion, and grant such other relief as the Court deems proper.

DATED this 8th day of August, 2013.

        Respectfully submitted,

        Nicholas Strozza, State Bar # CA 117234
        William B. Cossitt, State Bar #3484
        300 Booth Street, #3009
        Reno NV 89509
        (775) 784-5335

        /s/ WILLIAM B. COSSITT
        _____
        Attorneys for Acting United States Trustee
        August B. Landis

# CERTIFICATE OF SERVICE

1. On August 8, 2013, I served the foregoing US TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO APPROVE POSTPETITION BORROWING

2. I served the above-named document (by the following means to the persons as listed below:

☒    a. ECF System:

- BRIAN P. HALL    bhall@sgrlaw.com
- GABRIELLE A. HAMM    bknotices@gordonsilver.com;bankruptcynotices@gordonsilver.com
- JENNIFER A. SMITH    cobrien@lionelsawyer.com, bklscr@lionelsawyer.com
- KAARAN E. THOMAS    kthomas@mcdonaldcarano.com, mmorton@mcdonaldcarano.com
- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov
- RYAN J. WORKS    rworks@mcdonaldcarano.com, kbarrett@mcdonaldcarano.com,bgrubb@mcdonaldcarano.com

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 8TH day of August, 2013.

                               **/s/ Kimberly Massey-Flores**
                                     Kimberly Massey-Flores