GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
BRIAN R. IRVINE, ESQ.
Nevada Bar No. 7758
E-mail: birvine@gordonsilver.com
GABRIELLE A. HAMM, ESQ.
Nevada Bar No. 11588
E-mail: ghamm@gordonsilver.com
100 West Liberty Street, Ste. 940
Reno, Nevada 89501
Telephone (775) 343-7500
Facsimile (775) 786-0131

SMITH, GAMBRELL & RUSSELL, LLP
BRIAN P. HALL, ESQ.
(admitted *pro hac vice*)
Georgia Bar No. 318171
E-mail: bhall@sgrlaw.com
NICHOLAS J. ROECKER, ESQ.
(admitted *pro hac vice*)
Georgia Bar No. 211708
E-Mail: nroecker@sgrlaw.com
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone (404) 815-3500
Facsimile (404) 815-3509

*Proposed Counsel to the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | Case No.: 13-51562 |
|---|---|
| GLOBAL AXCESS CORP., a Nevada corporation, | Chapter 11 |
| ☐ Affects this Debtor. | Jointly administered with: |
| ☒ Affects all Debtors. | 13-51563  Nationwide Money Services, Inc. |
| ☐ Affects NATIONWIDE MONEY SERVICES, INC., a Nevada corporation. | 13-51564  Nationwide Ntertainment Services, Inc. |
| ☐ Affects NATIONWIDE NTERTAINMENT SERVICES, INC., a Nevada corporation. | 13-51565  EFT Integration, Inc. |
| ☐ Affects EFT INTEGRATION, INC., a Florida corporation. | Date:<br>Time: |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISANDERSON & ASSOCIATES, LTD. AS RESTRUCTURING AND MANAGEMENT ADVISOR AND OF DAVID M. BAGLEY AS CHIEF OPERATING OFFICER**

Global Axcess Corp. ("Global"), Nationwide Money Services Inc. ("Nationwide"), Nationwide Ntertainment Services, Inc. ("Ntertainment"), and EFT Integration, Inc. ("EFT," together with Global, Nationwide, and Ntertainment, the "Debtors"), debtors and debtors-in-possession, hereby submit this application (the "Application") for an order, substantially in the

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

form attached hereto as **Exhibit "1,"** pursuant to Section[1] 328 of the Bankruptcy Code, authorizing the Debtors' retention and employment of MorrisAnderson & Associates, Ltd. ("MorrisAnderson") to provide advisory restructuring and management services and of David M. Bagley ("Mr. Bagley") as Chief Operating Officer, *nunc pro tunc* to the Petition Date (as defined below).

This Application is made and based on the memorandum of points and authorities provided herein, the *Omnibus Declaration of David Bagley in Support of First Day Motions and Related Relief* (the "Omnibus Declaration"),[2] the *Declaration of David Bagley in Support of Debtors' Application for an Order Authorizing the Retention and Employment of MorrisAnderson & Associates, Ltd. as Restructuring and Management Advisor and of David M. Bagley as Chief Restructuring Officer* (the "Bagley Declaration"), filed contemporaneously herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and the argument of counsel entertained by the Court at the time of the hearing of the Application.

## I.
## JURISDICTION AND VENUE

1. On August 5, 2013 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 cases (the "Chapter 11 Cases"). See Case Nos. 13-51562, 13-51563, 13-51564, and 13-51565. The Chapter 11 Cases are jointly administered under the lead case of Global Axcess Corp., Case No. 13-51562.

2. Debtors continue to operate their business as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this

---

[1] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] All capitalized, undefined items not otherwise defined herein shall have those meanings ascribed in the Omnibus Declaration.

Gordon Silver
Attorneys At Law
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

2

case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. To the extent required, pursuant to LR 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II.
## BACKGROUND

A.   **Debtors' Business.**

5. Global is a Nevada corporation organized in 1984 which operates primarily through its wholly-owned subsidiaries, Nationwide, Ntertainment, and EFT, as an independent provider of self-service kiosk services. The Debtors offer ATM management and support services focused on serving the self-service kiosk needs of merchants, grocers, retailers, and financial institutions nationwide.

6. Nationwide is the primary operating company engaged in the business of operating a network of ATMs across a total of forty-six (46) states. The ATMs provide debit and credit cardholders with access to cash, account information and other services at locations and times convenient to the cardholder. The ATM network currently includes approximately 4,500 ATMs, principally in regional chains and individual merchant locations, providing network processing for an average 1.7 million ATM financial transactions per month. The Debtors processed a total of approximately 20,100,000 transactions in fiscal 2012 and 18,700,000 transactions in fiscal 2011.

7. The Debtors' revenue is principally derived from interchange fees and surcharge fees charged for processing transactions on the ATM network. The Debtors also derive revenue

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

3

from providing ATM network management services to banks and other third-party owners of ATMs included in the ATM network. These services include 24-hour transaction processing, monitoring and notification of ATM status and cash condition, notification of ATM service interruptions, in some cases dispatch of field service personnel for necessary service calls, and cash settlement and reporting services. Approximately 1.6% of the Debtors annual revenue is derived from these sources.

8.      Ntertainment is the primary operating company engaged in the business of operating a network of self-service DVD rental kiosks, mainly through the tradename "InstaFlix." The Debtors currently deploy approximately 323 DVD rental kiosks, most of which are located on military bases through a contract with "The Exchange," a quasi-governmental organization supporting the needs of the Department of Defense. The Debtor currently operates 278 machines at The Exchange locations on military bases. The original contract was terminated in June 2013. After issuing a Request for Proposal, The Exchange determined that it would not extend the contract and the Debtors are in the process of marketing the various assets of the DVD business.

9.      Additional information regarding the Debtors, their affiliates, their respective assets and operations and these chapter 11 cases is set forth in the Omnibus Declaration.

**B.      Retention of MorrisAnderson.**

10.     In the fall of 2012, the Debtors had defaulted on their obligations under the prepetition credit facilities and prepetition leasing facilities and began the process of finding a buyer for the ATM business. In November 2012, to assist with their sales process and marketing efforts, the Debtors engaged Golding & Company, Inc. ("Golding"), an investment banker with specialized expertise in the electronic payments industry, to explore the sale of the Debtors' ATM business. Golding prepared an offering memorandum regarding the Debtors business, which, to date, has been distributed to over 100 potential purchasers for the ATM business.

11.     After significant marketing efforts, Golding and the Debtors began negotiations with Financial Consulting & Trading International, Inc. ("FCTI") regarding the sale of the ATM business to FCTI. After substantial negotiation, the Debtors determined that the FCTI proposal

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

4

1  would result in the best value for their estates and their creditors.

2  12.    Following extensive negotiations, FCTI, as proposed purchaser, and Global, Nationwide and EFT, as sellers, entered into the Asset Purchase Agreement (the "APA") dated as of August 5, 2013. The APA establishes the terms and conditions for the sale of the assets used in and related to the Debtors' ATM business ("ATM Business") to FCTI. On August 6, 2013, the Debtors filed a motion seeking, among other things, the approval of certain bid procedures and the form of the APA.

13.    The Debtors' board of directors and officers believe that the contemplated sale to FCTI (or other successful bidder) is in the best interests of the Debtors' estates and creditors. However, because the APA contemplates that substantially all of the Debtors' employees, including its executives, will become employees of FCTI, and FCTI has entered into a Transition Services Agreement with the Debtors to provide certain services to the Debtors after the closing of the sale, the Debtors determined that it was necessary for an independent advisor to evaluate the sale and oversee the Debtors' operations during the Chapter 11 Cases. As a result of MorrisAnderson's expertise and successful history of providing restructuring management services to other companies in financially complex, troubled situations similar to the Debtors' situation, Debtors selected MorrisAnderson to provide financial, restructuring, and management services to the Debtors and David Bagley to act as the Debtors' Chief Operating Officer.

14.    Accordingly, on August 1, 2013, the Debtors and MorrisAnderson entered into that certain Agreement for Services (the "Retention Agreement"), a true and correct copy of which is attached to the Bagley Declaration as **Exhibit "1,"** retaining MorrisAnderson to provide advisory restructuring and management services to the Debtors and David Bagley to act as Debtors' Chief Operating Officer.

### III.
### RELIEF REQUESTED

15.    Based on the foregoing, Debtors seek an order, pursuant to Section 328 of the Bankruptcy Code, approving the retention and employment, *nunc pro tunc* to the Petition Date, of MorrisAnderson to provide restructuring and management services and of David Bagley as

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

Chief Operating Officer.

## IV.
## QUALIFICATIONS

16. MorrisAnderson is a full-service consulting firm with experience and expertise in all facets of corporate financial and restructuring practice, including complex business and commercial litigation and corporate reorganization. MorrisAnderson has extensive experience in providing restructuring advisory and restructuring management services in reorganization proceedings and has an excellent reputation for the services they have rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States. Mr. Bagley was the Chief Operating Officer in the Desert Capital REIT, Inc. case before this Court (Case No. 11-16624-LBR), in which a plan of liquidation was confirmed on April 24, 2012. Mr. Bagley is currently the Trustee for DCR Liquidating Trust pursuant to the liquidating plan in that case. Mr. Bagley was Chief Restructuring Officer and Chief Operating Officer in two cases regarding Fundamental Provisions LLC, *et al.* before the Middle District of Louisiana (Case Nos. 12-10048-DDD and 09-11897-DDD). He was Chief Restructuring Officer in the case of Santa Fe Cattle Company Inc., *et al.* before the Middle District of Tennessee (Case No. 09-07856-GCP). Mr. Bagley has also served in non-bankruptcy cases for a variety of clients in executive roles as Chief Executive Officer, Chief Operating Officer, or Chief Financial Officer.

17. Mr. Bagley holds a Bachelors of the Arts degree in Economics from DePauw University in Greencastle, Indiana as well as a Masters of Business Administration from the J. L. Kellogg Graduate Schools of Management at Northwestern University.

18. As such, MorrisAnderson is well-qualified to act as restructuring and management advisor to, and David Bagley is well-qualified to serve as the Chief Operating Officer for, the Debtors in these Chapter 11 Cases.

## V.
## SCOPE OF SERVICES

19. The Debtors anticipate that MorrisAnderson and Mr. Bagley will provide financial, restructuring, and management services in these Chapter 11 Cases, which may include, but are not limited to:

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

6

(a) Assist the Debtors and counsel in preparing a sale or all or substantially of the Debtors' assets;

(b) Assist the Debtors and counsel in preparing a plan of reorganization or liquidation;

(c) Prepare financial schedules and analyses in support of the plan of reorganization;

(d) Develop supporting schedules for various court filings;

(e) Create a cash budget and forecast for operations during the bankruptcy process;

(f) Manage the cash and all expenditures of the Debtors;

(g) Control employment of employees, contractors, and professionals on behalf of the Debtors;

(h) Oversight and analysis of claims; and

(i) Any other lawful tasks as requested by the Debtors.

20. Subject to this Court's approval of the Application, MorrisAnderson is willing to serve as the Debtors' financial, restructuring, and management advisor and to perform the services described above, and David Bagley is willing to serve as Debtors' Chief Operating Officer. MorrisAnderson and Mr. Bagley will use reasonable efforts to coordinate with the Debtors' other retained professional to avoid unnecessary duplication of services.

## VI.
## COMPENSATION

21. Pursuant to Section 328 of the Bankruptcy Code, the Debtors seek to pay MorrisAnderson on an hourly rate basis plus applicable and reasonable costs and expenses incurred. MorrisAnderson's hourly billing rates for bankruptcy work range from $75 to $525 per hour. Mr. Bagley's compensation is on an hourly rate basis of $395 per hour with a weekly cap of $16,000 in fees. The Debtors will also reimburse MorrisAnderson for all reasonable expenses incurred under the engagement, plus out-of-pocket expenses.

22. The following professionals are presently expected to have primary responsibility for providing services to the Debtors with current applicable rates as follows:

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

7

| David M. Bagley | $395/hour, capped at $16,000 per week |
|---|---|
| Consultants and Managers | $250-$250/hour |
| Managing Directors | $350-$400/hour |
| Principals | $425-$525/hour |
| Administrative | $75-$100/hour |

23. MorrisAnderson provided services and incurred expenses in connection with the preparation of the Debtors' Chapter 11 Cases totaling $200,779.17. Thus, prior to the Petition Date, MorrisAnderson received payments in the total sum of $$200,779.17 from the Debtors for services rendered and expenses incurred.

24. As of the Petition Date, MorrisAnderson holds a retainer in the amount of $78,845.13.

25. The terms of compensation reflected in the Retention Agreement are consistent with, and typical of, engagements entered into by MorrisAnderson with respect to rendering similar services for clients similar to the Debtors.

26. MorrisAnderson has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable orders of this Court.

27. The Debtors and MorrisAnderson have not agreed to any success fee; however, in the event that MorrisAnderson's contribution to these Chapter 11 Cases has been substantial, then MorrisAnderson reserves the right in the future to ask for an appropriate success fee which would be subject to the Court's approval.

## VII.
## DISINTERESTEDNESS

28. To the best of their knowledge and belief after reasonable investigation, as discussed below, neither MorrisAnderson nor David Bagley has represented the Debtors' creditors or any other parties-in-interest, nor their respective attorneys and accountants. Therefore, to the best of their knowledge and belief, MorrisAnderson and David Bagley are "disinterested person[s]" as that term is defined in section 101(14) of the Bankruptcy Code in

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

8

that neither MorrisAnderson, its managing directors, partners, directors and associates, nor David Bagley:

    i. Are creditors, equity security holders or insiders of the Debtors;

    ii. Are and were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtors; nor

    iii. Have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

29. Neither MorrisAnderson nor Mr. Bagley has any connection with the United States Trustee or any persons employed in the office of the United States Trustee.

30. MorrisAnderson utilized its conflicts database management system (the "System"), which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients and to many parties-in-interest in these Chapter 11 Case whom MorrisAnderson has ever represented. Such results have been reviewed by Mr. Bagley personally. Additionally, the principals of MorrisAnderson were polled to insure there were no conflicts.

31. MorrisAnderson searched for connections to the Debtors, including their officers, directors, and shareholders, the Debtors' pre-petition secured lenders, the twenty largest unsecured creditors for each of the Debtors, parties to executory contracts and unexpired leases, and any parties to litigation (collectively, the "Parties-in-Interest").

32. As expected, while the results of these searches revealed no conflict of interest with regard to MorrisAnderson's employment by the Debtors, connections to Parties-in-Interest were revealed. MorrisAnderson has been involved in prior consulting engagements with the following firms involved in this case and has been referred work by these firms as well: (i) Fifth Third Bank, (ii) Goldberg Kohn Ltd., (iii) U.S. Bank National Association, and (iv) Wells Fargo Equipment Finance. In all cases these are matters that are wholly unrelated to the Debtor. In the aggregate, this referred work accounts for less than 5% of MorrisAnderson's annual revenue. Additionally MorrisAnderson employs Goldberg Kohn as its corporate law firm. The corporate

Gordon Silver
Attorneys At Law
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5

9

relationship between Goldberg Kohn and MorrisAnderson is managed by principals and parties of both MorrisAnderson and Goldberg Kohn that are not involved in this case.

33. Moreover, it is possible that one or more principals, directors, associates or staff members of MorrisAnderson may have personal or social connections with Parties-in-Interest, and professional relationships with attorneys and advisors to Parties-in-Interest. However, such individual affiliations will not in any way affect the services that MorrisAnderson proposes to provide to the Debtors.

34. Neither MorrisAnderson nor David Bagley has ever been adverse to the Debtors or their estates, and neither MorrisAnderson nor David Bagley has ever represented any other client with regard to the Debtors so far as the System reflects and so far as David Bagley is able to discern after diligent investigation, examination, and analysis

35. MorrisAnderson will supplement its disclosures as may be required by the Bankruptcy Code and Rules if and when any other relationship exist or are modified such that further disclosure is required. MorrisAnderson will implement appropriate internal procedures to protect the interests of the Debtors in connection with the representations and relationships set forth above.

. . .

. . .

. . .

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5

10

# VIII.
## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto as **Exhibit "1,"** (i) authorizing the Debtors to retain and employ MorrisAnderson to perform financial, restructuring, and management services, and to employ David Bagley as Chief Operating Officer for the Debtors pursuant to Section 328 of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth herein and in the Retention Agreement, and (ii) granting such other and further relief as may be just and proper.

DATED this 16th day of August, 2013.

GORDON SILVER

By: /s/ Gabrielle A. Hamm
GERALD M. GORDON, ESQ.
BRIAN R. IRVINE, ESQ.
GABRIELLE A. HAMM, ESQ.
100 West Liberty Street, Ste. 940
Reno, Nevada 89501

and

SMITH, GAMBRELL & RUSSELL, LLP
BRIAN P. HALL, ESQ.
NICHOLAS J. ROECKER, ESQ.
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309

*Proposed Counsel to the Debtors and Debtors-in-Possession*

Global Axcess Corp., on its own behalf and on behalf of Nationwide Money Services, Inc., Nationwide Ntertainment Services, Inc., and EFT Integration, Inc.

By: /s/ Kevin Reager
Kevin Reager
President

Gordon Silver
Attorneys At Law
100 W. Liberty Street,
Suite 940
Reno, Nevada 89501
(775) 343-7500

104281-002/2013595_5.doc

11